IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL DELGADO,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:15-cv-00138-DN-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

This case was referred to the court under 28 U.S.C. 636(b)(1)(B). (ECF No. 13.) Currently pending before the court is Plaintiff Michael Delgado's appeal of the Commissioner of Social Security's decision denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act ("Act"). 42 U.S.C. §§ 401–33 *and* 1381–85. Having considered the parties' briefs, the administrative record, and the relevant law, this court **RECOMMENDS** that the district court **AFFIRM** the Commissioner's decision.

I.      **PROCEDURAL HISTORY**[1]

Plaintiff alleges a disability onset date of October 30, 2011. (Tr. 205.) Plaintiff's application for benefits was denied initially on April 9, 2013, and upon reconsideration on November 20, 2013. (Tr. 89–141.) Plaintiff then sought a hearing before an ALJ, which took place on April 13, 2015. (Tr. 19.) ALJ Martinez conducted that hearing and, on May 19, 2015, he issued a decision finding Plaintiff not disabled. (Tr. 19–36.) The Appeals Council denied

---

[1] The Commissioner sets forth a detailed factual history that Plaintiff does not dispute. Accordingly, the court adopts the Commissioner's statement of facts. (*See* ECF No. 42 at 3–8.)

Plaintiff's request for review on September 3, 2015, making ALJ Martinez' decision, the final decision of the Commissioner. (Tr. 1–3.) While Plaintiff was represented by counsel at the administrative level, he appears in this matter pro se. (*See e.g.* ECF No. 41.)

## II. STATEMENT OF RELEVANT LAW

### A. Definition of Disability Under the Act

The Act states that an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least twelve consecutive months. *Id.*; *Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002).

### B. Process for Determining Disability Under the Act

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. The adjudicator considers whether a claimant: (1) engaged in substantial gainful activity during the alleged disability period, (2) had a severe impairment, (3) had a condition that met or medically equaled the severity of a listed impairment, (4) could return to his past relevant work, and if not (5) could perform other work in the national economy.  20 C.F.R. § 404.1520(a)(4).  If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. *Id*.

### C. Standard of Review

A district court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings, and whether the correct legal

2

standards were applied. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Where the evidence as a whole can support the agency's decision or an award of benefits, the court must affirm the agency's decision. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

### III.    THE ALJ'S DECISION

At step one, ALJ Martinez found that Plaintiff has not been engaged in substantial gainful activity since the alleged onset date, October 30, 2011. (Tr. 21.) At step two, the ALJ found that Plaintiff suffered from five severe impairments: Legg-Perthes hip disorder, low back disorder, substance abuse, attention deficit hyperactivity disorder ("ADHD") and generalized anxiety disorder. (*Id.*) At step three, the ALJ found that claimant did not meet any listed impairment. (*Id.* at 22–23.) At step four, the ALJ found that claimant's RFC precluded him from performing his past relevant work. (Tr. 34.) At step five, the ALJ found Plaintiff could make an adjustment to perform jobs that exist in significant numbers in the national economy. (*Id.* at 34–36.)

### IV.    DISCUSSION

The court previously granted Defendant's motion to strike Plaintiff's opening brief because Plaintiff's mother signed the document and apparently drafted it. (*See* ECF Nos. 34, 39–40.) Plaintiff submitted a new handwritten brief that attempted to reincorporate the stricken brief.[2] (*See* ECF No. 41.) The Commissioner filed her response brief. (ECF No. 42.) Plaintiff then filed his reply. (ECF No. 45.) Plaintiff argues that "overwhelming evidence of both physical

---

[2] Given Plaintiff's pro se status, the court considers the previously-stricken opening brief because Plaintiff expressly adopted it in his second opening brief. Additional briefing does not appear necessary because Defendant addressed Plaintiff's first opening brief. (*See* ECF No. 42 at 2.)

and mental disabilities . . . were not . . . provided or dictated in his case." (ECF No. 34 at 1.) He also argues the ALJ did not "give some of the doctors and therapists the credit that they do deserve." (ECF No. 41 at 2.) The court will address these arguments in the order raised.

### a. The ALJ considered all of Plaintiff's supported work-related functional limitations.

Plaintiff argues the ALJ did not consider his "stress, anxiety, depression" and "a physical and mental condition that has affected him since he was 12 years old." (ECF No. 34 at 1.) Plaintiff then claims he suffers various ailments, including hip problems, suicide attempts, spinal problems, and problems with concentration. (*Id.* at 2–4; ECF No. 41 at 2.) The Commissioner argues the ALJ properly addressed Plaintiff's limitations and that substantial evidence supports the ALJ's determination that Plaintiff could work despite those limitations. (ECF No. 42 at 9–15.) The court agrees with the Commissioner.

As mentioned earlier, the ALJ found at step two that Plaintiff suffered from five severe impairments, including: Legg-Perthes hip disorder, low back disorder, attention deficit hyperactivity disorder ("ADHD") and generalized anxiety disorder. (Tr. 21.) Plaintiff argues that the ALJ failed to consider these ailments, but the record does not support his argument. Instead, the ALJ found these ailments constituted severe impairments. (*See id.*) Indeed, the ALJ even concluded Plaintiff could not perform his prior work as a result of these ailments. (Tr. 34.) Yet the ALJ also found that Plaintiff was capable of performing work that exists in significant numbers despite his severe impairments. (Tr. 34–36.) Plaintiff has not shown any legal defect in the ALJ's opinion or the absence of substantial evidence to support the decision.

Plaintiff also suggests his attorney did not present all relevant evidence to the ALJ. As the Commissioner points out, this court may only review new evidence if it is both new and material.

4

The only records Plaintiff offers were either reviewed by the ALJ or do not relate to the relevant period. (ECF No. 42 at 11–12.) Thus, the court finds the records are not new and material.

### b. The ALJ afforded appropriate weight to the various treating physicians.

Plaintiff argues that the ALJ erred by not properly considering treating physician records and opinions. (ECF No. 41 at 2.) The Commissioner argues Plaintiff cannot identify a treating physician opinion that is inconsistent with the ALJ's RFC determination. (ECF No. 42 at 9–11.)

The court rejects Plaintiff's argument for two related reasons. First, Plaintiff does not identify any treating physician opinion the ALJ afforded improper weight. Treating physician opinions must be analyzed under the rule in *Watkins v. Barnhart*, 350 F.3d 1297, 1300–01 (10th Cir. 2003). Plaintiff does not identify any opinion to which the ALJ afforded improper weight under the *Watkins* analysis. Second, as the Commissioner points out, the physician's opinions in the record are consistent with the RFC that the ALJ ascribed to Plaintiff. (*See* ECF No. 42 at 10.) The ALJ has less responsibility to address medical opinions that are consistent with the ALJ's opinion. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). While Dr. Thatcher opined in February that Plaintiff would not be able to work for twelve months,[3] Dr. Thatcher reversed that opinion less than a month later based on Plaintiff's improvement after a medication adjustment. (*Id.*) (citing Tr. 399, 465.)

To conclude, the court is sympathetic to Plaintiff. The court does not seek to diminish Plaintiff's ailments by way of this report and recommendation. Yet the court's role in this matter is only to review the ALJ's opinion for legal errors. The ALJ found that Plaintiff suffers from severe impairments, but that Plaintiff is capable of performing some work despite those impairments. Plaintiff has not shown that the ALJ erred in reaching this conclusion. This court

---

[3] This opinion is not entitled to any special significance. *See* 20 C.F.R. § 404.1527(d)(1)–(3).

cannot overturn the ALJ's "choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## V.    RECOMMENDATION

Based on the forgoing, the court **RECOMMENDS** that the district court **AFFIRM** the Commissioner's decision.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 26th day of June 2017.

_____
Dustin B. Pead
United States Magistrate Judge